Gregory C. Scaglione
(Bar No. 19368 NE *admitted pro hac vice*)
KOLEY JESSEN PC LLO
One Pacific Place, Suite 800
1125 S. 103rd St.
Omaha, NE 68154
(402) 390-9500
(402) 390-9005 (Facsimile)
Greg.scaglione@koleyjessen.com
[Local Counsel, Kathryn A. Heiberg, Listed on Signature Page]
Attorneys for Plaintiff.

BUCHALTER NEMER
A Professional Corporation
GLENN P. ZWANT (SBN: 112295)
RANDALL L. MANVITZ (SBN: 224598)
333 Market Street, 25th Floor
San Francisco, CA 94105-2126
Telephone: (415) 227-0900
Facsimile: (415) 227-0770
rmanvitz@buchalter.com
Attorneys for Defendant.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACI WORLDWIDE CORP. a Nebraska corporation, f/k/a ACI Worldwide (MA), Inc., <br><br> Plaintiff, <br><br> v. <br><br> CITIZENS BUSINESS BANK, a California corporation, <br><br> Defendant. | Case No. 11-1435-JFW (DTBx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Courtroom:  16 <br> Judge:  John F. Walter |

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

1

WHEREAS the parties to this proceeding, ACI Worldwide Corp. f/k/a ACI WORLDWIDE (MA), INC. ("ACI") and Citizens Business Bank ("Bank") recognize that during the course of this proceeding, issues may arise which may require the disclosure of trade secrets, confidential research, or sensitive commercial, financial, process, marketing or business information, or other confidential information and the parties desire to plan for that contingency by entry of this Stipulated Protective Order ("Order");

WHEREAS such information should not be released into the public domain, but rather should be treated as confidential pursuant to the privacy interests of the parties;

WHEREAS the parties have, through counsel, agreed to be bound by and stipulated to entry of this Order to prevent unnecessary disclosure or dissemination of such confidential information;

WHEREAS the Court has found that the parties should respect and recognize the privacy interests of each other by the avoidance of any release of the confidential information, documents, or things that are produced in this action;

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the terms and conditions of this Order shall govern the production and handling of documents and things, answers to interrogatories, depositions, pleadings, exhibits and other information exchanged by the parties, or received from non-parties, in this action:

1.    This Order is entered for the purposes of this case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Without limiting the foregoing, this

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

Order shall survive and remain in full force and effect after the termination of this litigation.

2.    This Order will become effective upon the signature of counsel for ACI and counsel for Bank and the approval of the U.S. Magistrate or his designee.

3.    Nothing in this Order shall limit or preclude any party from applying to the Court to modify the terms of this Order or the status of any particular information, document, or thing, or for relief from this Order, or for such further or additional Protective Orders as the Court may deem appropriate.

4.    Any party to this litigation, or any third party who elects to be covered by this Order, who, during the course of the above-captioned proceeding, produces or discloses any document, thing, information, or other item, including, without limitation, any document, thing, interrogatory answer, deposition testimony, and all other discovery as well as pleadings, briefs, memoranda, and - to the extent permitted by the Court upon further motion - testimony adduced at the hearing and materials introduced into evidence, and all other information produced or furnished by or on behalf of any party to this Order or third party, may designate that item as:

a.    "CONFIDENTIAL" where such item contains confidential or proprietary technical, scientific or business information, including, but not necessarily limited to, current and future financial information and plans, further business plans, and/or sales information,  which is not generally known and which the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which would, in the good faith

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

judgment of the designating party, be detrimental to the designating party in the conduct of its business.

Information that exists in tangible form including discovery materials, motions, memoranda of law and affidavits, shall be designated by visibly marking it as "CONFIDENTIAL." In the event that the producing party elects to produce original files and records for inspection and the inspecting party desires to inspect these files and records, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files and records shall be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as "CONFIDENTIAL," as appropriate, prior to that party's producing the copies to the inspecting party. Counsel shall agree on a mutually acceptable manner for the identification of protected information that cannot be readily or easily marked in a visible manner.

5.    Information which becomes available to any party via inspection, measurement, analysis, or testing of any sample or thing marked as provided in Paragraph 4 received from another party, or prepared or derived by utilizing information designated as "CONFIDENTIAL," and supplied pursuant to this Order, shall also be considered to be, and treated as, "CONFIDENTIAL."

6.    With respect to the deposition(s) of any deponent or any person employed by, formerly employed by, or acting on behalf of a party to this action, such deponent or party shall have until thirty (30) days after receipt of the deposition transcript in which to inform the other parties that portions of the transcript are designated "CONFIDENTIAL." Similarly, a third party deponent shall have until thirty (30) days after receipt of his, her, or its deposition transcript

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

in which to inform the parties that portions of the deposition transcript are designated "CONFIDENTIAL." The designating party shall send a written list of the particular pages of the transcript that contain such information to all counsel subject to this Order.  No such deposition transcript shall be disclosed to any person other than persons described in Paragraph 8 below (and qualified under Paragraph 10, if necessary) and the deponent during these thirty (30) days. No person attending such deposition shall disclose the contents of the deposition to any person other than those qualified to receive information designated as "CONFIDENTIAL" pursuant to this Order during said thirty (30) clays. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL," each party shall cause each copy of the transcript in its custody or control to be appropriately marked immediately.

7.     All "CONFIDENTIAL" material shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action or any proceeding between the parties related to the same subject matter as the above-captioned action and shall not be disclosed by the recipient to anyone other than those persons designated (and qualified, if necessary) below, or in Court filings with redactions made to those portions of the filings that include "CONFIDENTIAL" material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties or by Order of the Court.

8.     Access to materials or information designated by any party as "CONFIDENTIAL"    shall    be    restricted    to    the    following    persons ("AUTHORIZED PERSONS") on behalf of the receiving party:

a.     Litigation counsel for ACI and litigation counsel for Bank and their secretaries, paralegals, project assistants or staff, including local and in-house counsel, of the parties in this action. Access to CONFIDENTIAL

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

documents for outside counsel shall include access for their employees, outside copy services, trial preparation firms, and graphics firms assisting such counsel or the independent outside experts designated pursuant to Paragraph 8(c);

b.     Court personnel and stenographic reporters, engaging in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action; and

c.     Independent outside experts or independent outside consultants retained by or on behalf of a party to assist outside counsel for any party in the preparation for trial and/or trial of this action, and such persons must become qualified to receive such materials and information in accordance with the procedures in Paragraph 10 below before receiving such information; and

d.     Officers and employees who, before receiving such materials or information, have signed an affidavit in the form of Exhibit A attached hereto ("AUTHORIZED PERSONS").

9.     This Order shall not bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation, and in the course thereof, referring to or relying generally upon his or her examination of documents or "CONFIDENTIAL" material provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content or source of such "CONFIDENTIAL" information contrary to the terms of this Order.

10.     Every independent expert or consultant retained by any party for purposes of this case, to whom all or part of any materials or information designated as "CONFIDENTIAL" is disclosed, shall be shown this Order before

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

6

disclosure of such materials or information and shall agree in writing, by signing the affidavit agreement attached hereto as Exhibit A, which by this reference is made a part hereof, to be bound by the terms of this Order with regard to any use or disclosure to others of such confidential information, prior to receipt of such confidential information. A duplicate original of said affidavit agreement will be provided to each party for any such independent expert or consultant at such time that it is determined that the independent expert or consultant's testimony will be offered as evidence by the party that retained them.

11.    In the event that a party receiving information that the other party has designated "CONFIDENTIAL" disagrees with the propriety of that designation, then the parties first will try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court by motion, pursuant to Local Rule 37-1.    If the parties are unable to resolve the dispute, then the challenging party may bring a motion pursuant to Local Rules 37-1 and 37-2, which must meet the Rule 37-2's Joint Stipulation requirement.  The Court then may determine whether or not the information at issue should be considered "CONFIDENTIAL" and, if so, may rule on what restrictions to access or disclosure should be imposed.  At the hearing on any such application, the party designating the information "CONFIDENTIAL" shall have the burden of establishing the confidentiality of the material so designated.  All information whose designation as "CONFIDENTIAL" has been disputed shall be treated as designated by the producing party until such time as the Court determines or the parties agree otherwise.  No party shall be obligated to challenge the propriety of the "CONFIDENTIAL" designation at the time of production.  A failure to so challenge the propriety of the "CONFIDENTIAL" designation at the time of production shall not preclude a subsequent challenge to the propriety of such

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

designation.  Nothing shall prevent disclosure beyond the terms of this Order if the party designating the "CONFIDENTIAL material expressly consents to such disclosure, either in writing or in the record of any proceeding in this action, or if the Court, after notice to all affected parties, orders such disclosure.

      12.    This Order shall not bar or otherwise restrict:

      a.    a producing party from opposing production of any information;

      b.    an "AUTHORIZED PERSON" from making abstracts, digests and analyses of "CONFIDENTIAL" materials, so long as such abstracts, digests and analyses are for use solely in connection with the evaluation or defense of claims and/or defenses asserted in this action, providing such abstracts, digest and analyses are marked with the appropriate designation as "CONFIDENTIAL";

      c.    an "AUTHORIZED PERSON" from rendering advice or opinions with respect to this action to his/her client or employer based upon his/her examination of "CONFIDENTIAL" materials, as long as such person does not disclose any materials or information marked "CONFIDENTIAL" to a person not authorized by this Order to have access to it.

      d.    a producing party from using its own "CONFIDENTIAL" materials in any manner it sees fit, or from revealing such materials or information marked "CONFIDENTIAL" to whomever it chooses, without the prior consent of any other party or order of the Court; or

      e.    a producing party from applying to the Court at any time for additional protection or relief.

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

13.     If "CONFIDENTIAL" materials in the possession of any receiving party is subpoenaed by any Court, administrative or legislative body, or by any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed will not produce such information without first giving written notice (including the delivery of a copy of the subpoena by facsimile), to the attorneys of record for the party whose information or materials have been subpoenaed, except as legally required, at least ten business days prior to the return date of the subpoena, unless a subpoena purports to require production of "CONFIDENTIAL" materials on less than ten business days notice in which event the party to whom the subpoena is directed shall give immediate notice by facsimile of the receipt of such subpoena.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

14.     Notwithstanding any of the foregoing, the restrictions of this Order shall not apply to any document or information that:

a.     was, is or becomes published or public knowledge, without fault of the receiving party:

b.     is lawfully acquired by the receiving party from any source independent of and not originating with discovery in this action, provided that the receiving party obtained the information lawfully and under no obligation of confidentiality to the producing party;

c.     was lawfully possessed free of restrictions upon its use by the receiving party prior to the effective date of this order; or

d.     was independently developed by the receiving party without the use of "CONFIDENTIAL" materials of the producing party.

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

9

The burden of establishing that the restrictions of this Order do not apply to a document or information pursuant to this paragraph is on the party asserting that the restrictions do not apply.

15.     In the event that any papers to be filed with the Court contain information that has been designated as "CONFIDENTIAL," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information (if such portion is segregable) under seal. The application shall be directed to the judge to whom the papers are directed. For motions, the parties must file a redacted version of the motion and supporting papers.

16.     Counsel for each party shall take reasonable precautions with regard to storage, custody, and use to prevent the unauthorized or inadvertent disclosure of any confidential information.

17.     The inadvertent or unintentional disclosure of "CONFIDENTIAL" materials regardless of whether the information or material was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed therein or as to any other information thereto or on the same or related subject matter. However, if counsel to whom disclosure is made transmits "CONFIDENTIAL" materials to a client or other person in the good faith belief that the supplying or designating party does not deem the information to constitute "CONFIDENTIAL" materials, then such further disclosure by counsel shall not be construed as a violation of this Order, so long as such further disclosure by counsel is made prior to receipt of notification that the initial disclosure by the supplying or designating party was inadvertently or unintentionally not designated as "CONFIDENTIAL."

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

18.    Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the producing party promptly notifies the receiving party in writing of such inadvertent production after the producing party learns of such inadvertent production. If prompt notification is made and the producing party establishes the circumstances surrounding the document's inadvertent production, such inadvertently produced documents and all copies thereof shall be returned to the producing party or destroyed, upon written request. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. If, after conferring, the parties are unable to reach a satisfactory agreement within five (5) business days of receipt of the written request to return or destroy them, the producing party may move the Court regarding the matter within ten (10) business days after conferring. The receiving party shall not disclose the documents for which the belated claim of immunity or privilege is being made to any person, other than those persons who have had them in their possession prior to the receipt of notification from the producing part until the expiration of the ten (10) day period identified in this paragraph, or if a motion to the Court is submitted, until disposition of that motion. Following expiration of the ten (10) day term following conferral, nothing in this Order shall preclude either party from moving the Court for return or destruction of later discovered, inadvertently produced work product immunity or attorney-client privileged documents.

19.    The failure to designate information in accordance with this Order or the failure to object to a designation at or within a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

challenge the propriety thereof. This Order shall not be construed as a waiver of any right to object to the furnishings of information in response to discovery.

20.     Promptly after final termination of this action by judgment, settlement, or otherwise, all "CONFIDENTIAL" information and materials furnished or produced under the terms of this Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial, and materials which, in the judgment of the attorney in possession of the materials, are work product materials, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing. Outside counsel for a party may retain all materials in their files relating to this case, but in so doing must comply with the terms of this Order, meaning that all "CONFIDENTIAL" information and materials, including but not limited to the above-described pleadings, exhibits, and work product materials, must be retained in confidence under the terms of this Order.

August 29 ___, 2011

_____
UNITED STATES JUDGE

**Agreed as to form and content:**

ACI WORLDWIDE CORP., Plaintiff,          CITIZEN BUSINESS BANK, Defendant,

By: *s/Gregory C. Scaglione*                      By: *s/Randall L. Manvitz*

    Gregory C. Scaglione, NE #19368          Glenn P. Zwant (#112295)
    KOLEY JESSEN P.C., L.L.O.          Randall L. Manvitz (#224598)
    One Pacific Place, Suite 800          Buchalter Nemer, a Professional
    1125 South 103rd Street          Corporation
    Omaha, NE  68124-1079          333 Market Street, 25th Floor
    (402) 390 9500          San Francisco, CA  94105-2126
    (402) 390 9005 (facsimile)          (415) 227-0900
    greg.scaglione@koleyjessen.com          (415) 227-0770 (facsimile)
    and          rmanvitz@buchalter.com

    Kathryn A. Heiberg, #97043          *Attorneys for Defendant*
    K. A. Heiberg, PLC
    1932 Eastman Avenue, Suite 108
    Ventura, CA 93003
    (805) 644-4552
    (805) 644-4513 (facsimile)
    ahventura@aol.com

*Attorneys for Plaintiff*

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ACI WORLDWIDE CORP. a Nebraska corporation, f/k/a ACI Worldwide (MA), Inc., | Case No. 11-1435-JFW (DTBx) |
| Plaintiff, | |
| v. | **CERTIFICATE OF COMPLIANCE WITH PROTECTIVE ORDER** |
| CITIZENS BUSINESS BANK, a California corporation, | |
| Defendant. | |

STATE OF _____     )
                                                        ) ss.
COUNTY OF _____     )

_____ hereby certifies that I have read and am fully familiar with the provisions of the Protective Order entered by the Court in the above-captioned matter, hereinafter referred to as the "Order."

As condition precedent to my review or handling of any of the documents or other materials containing CONFIDENTIAL information produced pursuant to the Order or my obtaining any such information contained in said documents or other materials, I hereby agree to observe and comply with all of the provisions of the Order. I understand that the CONFIDENTIAL information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Order to receive such information.

**JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

1   I hereby submit to the jurisdiction of this Court for the purposes of
2   enforcement of the Order and waive any and all objections to jurisdiction and
3   venue.

4   At the conclusion of this proceeding, I will return all materials
5   containing CONFIDENTIAL information, copies thereof and notes that I have
6   prepared relating thereto, to counsel of record.

7   I declare under penalty of perjury of the laws of the United States of
8   America that the foregoing is true and correct and that this Certificate of
9   Compliance is executed on the____ day of _____, 2011 at [City or Town]
10  _____ and [State] _____.

12  Name: _____

13  Address: _____

14  _____

16  Signature: _____

18  SUBSCRIBED AND SWORN TO before me this _____ day of
19  _____ 2011.

21  _____

22  Notary Public

23  (SEAL)

25  582260.3

27  **JOINT STIPULATED PROTECTIVE ORDER, CASE NO. CV 11-01435 JFW (DTBX)**

28  15